William La Tourette (WCL6900)
LoFaro & Reiser, LLP
55 Hudson Street
Hackensack, NJ 07601
Tel: (201) 498-0400   Facsimile: (201) 498-0016
Email: wlatourette@new-jerseylawyers.com
Attorneys for Plaintiff, Custom Store Fixtures, L.L.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CUSTOM STORE FIXTURES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> INDUSTRY OUTFITTERS, INC., DANIEL GUTFREUND, THE SHS GROUP, L.L.C. d/b/a THE SALON PROFESSIONAL ACADEMY, THE SALON PROFESSIONAL ACADEMY ORLANDO, JOHN DOES 1 – 10, and ABC COMPANIES 1 – 10, <br><br> Defendants. | CIVIL ACTION NO.: <br><br><br><br><br><br><br><br><br> **COMPLAINT** |

Plaintiff, CUSTOM STORE FIXTURES, L.L.C. ("Custom Store Fixtures"), maintaining its principal place of business at 2541 North Rulon White Boulevard, Ogden, Utah 84404, by way Complaint against the defendants, hereby states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1332(a)(1) and (2) based on the complete diversity of citizenship of the parties.

2. The amount in controversy exceeds $75,000.00.

3. Venue in this District is appropriate pursuant to 28 U.S.C. §§1391(a) and (c).

1

4. Plaintiff Custom Store Fixtures is a corporation of the State of Utah with its principal place of business located at 2541 North Rulon White Boulevard, Ogden, Utah.

5. Defendant, Industry Outfitters, Inc. ("Industry Outfitters") is a corporation of the State of Florida and maintains its principal place of business at 953A Eglinton Avenue East, Toronto, Ontario, M4G 4-B5, Canada.

6. Defendant Daniel Gutfreund ("Gutfreund") is the principal of Industry Outfitters and, upon information and belief, is citizen of Canada, with his primary residence located at 11 Old Orchard Grove, Toronto, Ontario M5M 2C8, Canada.

7. Defendant The SHS Group, L.L.C. d/b/a Salon Academy ("Salon Academy NJ") is a New Jersey Corporation with its principal place of business located at 43 Northwoods Road, Ocean, New Jersey 07712.

8. Upon information and belief, The Salon Professional Academy Orlando ("Salon Academy FL") is a corporation of the State of Florida with its principal place of business located at 2289 E. Semoran Boulevard, Apopka, Florida 32703.

9. Defendants, John Does 1-10 are fictitious entities whose identities are presently unknown.

10. Defendants, ABC Companies 1-10 are fictitious entities whose identities are presently unknown.

## FIRST COUNT
## BREACH OF THE FLORIDA CONTRACT

11. Plaintiff Custom Store Fixtures is a manufacturer of millwork, specifically custom-built store fixtures.

12. On or about May 19, 2009, Custom Store Fixtures entered into a contract with Industry Outfitters for the manufacture of store fixtures based upon design specifications provided by Industry Outfitters for delivery to Salon Academy FL (the "Florida Contract").

13. The agreed-upon value of the Florida Contract was $125,694.30.

14. On or about April 7, 2009, Industry Outfitters tendered a check in the amount of $40,000.00 in partial payment of and as a deposit on the Florida Contract, leaving a balance due of $85,694.30.

15. On or about May 4, 2009, Industry Outfitters tendered a second check in the amount of $18,860.14 in partial payment of the Florida Contract, leaving a balance due of $66,834.16.

16. Custom Store Fixtures drafted shop drawings of the store fixtures for the Florida Contract based upon Industry Outfitters's design specifications. Industry Outfitters approved the shop drawings. A copy of the shop drawings bearing the initials of Industry Outfitter's Project Manager, Suzanne Fenton, and the date of the approval are attached hereto as **Exhibit 1.**

17. Custom Store Fixtures thereafter built the store fixtures for the Florida Contract according to the shop drawings approved by Industry Outfitters.

18.  Plaintiff Custom Store Fixtures completed the manufacture of the store fixtures (the "Florida Millwork"), and the Florida Millwork was shipped to the Salon Academy FL facility on or about June 19, 2009.

19.  The Florida Millwork was delivered and accepted by defendant Industry Outfitters on or about June 23, 2009.

20.  In response to Plaintiff's demand for payment of the $66,834.16 balance due on the Florida Contract, on or about August 14, 2009 Defendant Industry Outfitters tendered check no. 1239 dated August 14, 2009 to plaintiff Custom Store Fixtures, but subsequently asked that Plaintiff refrain from depositing the check.

21.  On or about September 8, 2009, Defendant Industry Outfitters wired $20,000.00 to Plaintiff Custom Store Fixtures in partial payment of the balance due on the Florida Contact.

22.  There is presently due from defendant Industry Outfitters the sum of $49,282.37, on a certain book account, comprising $46,834.16 of the remaining balance due on the Florida contact, plus a finance charge of $2,448.21 on the overdue payment. A true copy of the book account is attached hereto as **Exhibit 2.**

23.  Plaintiff deposited the $20,000.00 check received in August 2009 on or about November 5, 2009, but Industry Outfitters had stopped payment. A copy of the returned check bearing the notation regarding the stop payment is attached hereto as **Exhibit 3.**

24.  Both before and after the return of the $20,000.00 check, Custom Store Fixtures made repeated demands for payment of the balance due on the Florida Contact, both directly and through a collection agency. Industry Outfitters repeatedly promised payment, both

directly and to the collection agency, but despite these promises, Industry Outfitters did not pay Plaintiff the balance due on the Florida Contract and continues to refuse to make payment of the balance due.

25. The foregoing actions and/or inaction by defendant Industry Outfitters are in breach of the Florida Contract.

26. As a direct and proximate result of Industry Outfitter's breach of the Florida Contract, Custom Store Fixtures has sustained damages.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $49,282.37, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## SECOND COUNT
## GOODS SOLD AND DELIVERED TO FLORIDA

27. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

28. Plaintiff Custom Store Fixtures sues defendant Industry Outfitters for goods sold and delivered and/or services rendered by Custom Store Fixtures to Industry Outfitters, upon the promise by Industry Outfitters to pay the agreed amount as set forth in **Exhibit 2** attached hereto. Payment has been demanded and has not been made.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $49,282.37, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## THIRD COUNT
## REASONABLE VALUE OF GOODS SOLD AND DELIVERED

29. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

30. Pursuant to the terms of the Florida Contract, plaintiff Custom Store Fixtures sues Defendant Industry Outfitters for the reasonable value of goods sold and delivered, and/or services rendered by Custom Store Fixtures to Industry Outfitters upon the promise of Industry Outfitters to pay a reasonable price for the same. Payment has been demanded and has not been made.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $49,282.37, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## FOURTH COUNT
## ACCOUNT STATED

31. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

32. Defendant Industry Outfitters, being indebted to the plaintiff Custom Store Fixtures in the sum of $49,282.37 upon an account stated between them, did promise to pay to the plaintiff Custom Store Fixtures said sum upon demand. Payment has been demanded and has not been made.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $49,282.37, plus accruing pre-judgment interest to the date of

judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## FIFTH COUNT
## UNJUST ENRICHMENT

33. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

34. Defendants Industry Outfitters and/or Salon Academy FL. have been unjustly enriched by the value of Plaintiff's goods and/or services.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendants Industry Outfitters and/or Salon Academy FL., jointly and severally, for the sum of $49,282.37, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## SIXTH COUNT
## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING IN THE FLORIDA CONTRACT

35. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

36. Every contract includes an implied covenant of good faith and fair dealing.

37. The foregoing actions and/or inaction by defendant Industry Outfitters breach the implied covenant of good faith and fair dealing.

38. As a direct and proximate result of Defendant Industry Outfitter's breach of the implied covenant, Custom Store Fixtures has sustained damages, including but not limited to

$49,282.37.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $49,282.37, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## SEVENTH COUNT
## BREACH OF THE NEW JERSEY CONTRACT

39. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

40. On or about May 9, 2009, Custom Store Fixtures entered into a contract with Industry Outfitters for the manufacture of store fixtures based upon design specifications provided by Industry Outfitters for delivery to the Salon Academy NJ (the "New Jersey Contract").

41. The agreed-upon value of the contract was $100,560.26.

42. Custom Store Fixtures drafted shop drawings based upon Industry Outfitters's design.

43. Industry Outfitters' Project Manager, Suzanne Fenton, initialed and dated the shop drawings signifying his company's approval of same. See **Exhibit 1.**

44. On or about May 7, 2009, Industry Outfitters tendered $47,956.32 in partial payment of and as a deposit on the New Jersey Contract prior to delivery, leaving a balance due of $52,603.94.

45. Plaintiff Custom Store Fixtures completed the manufacture of the millwork (the "New Jersey Millwork") and accordingly shipped the New Jersey Millwork to the Salon Academy NJ on or about September 4, 2009.

46. The New Jersey Millwork was delivered and accepted by defendant Industry Outfitters at the Salon Academy NJ facility on or about September 9, 2009.

47. There is presently due from defendant Industry Outfitters the sum of $53,615.67, comprising the balance due of $52,603.94 for the New Jersey Contract, plus $1,011.73 in finance charges, on a certain book account, a true copy of which is attached hereto as **Exhibit 4.**

48. Custom Store Fixtures demanded payment, but despite these demands, Industry Outfitters refused to pay Plaintiff and continues to refuse to make payment.

49. The foregoing actions and/or inaction by defendant Industry Outfitters are in breach of the New Jersey Contract.

50. As a direct and proximate result of Industry Outfitter's breach of the New Jersey Contract, Custom Store Fixtures has sustained damages.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $53,615.67, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## EIGHTH COUNT
## GOODS SOLD AND DELIVERED TO NEW JERSEY

51. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

52.     Plaintiff Custom Store Fixtures sues defendant Industry Outfitters for goods sold and delivered and/or services rendered by Custom Store Fixtures to Industry Outfitters, upon the promise by Industry Outfitters to pay the agreed amount as set forth in **Exhibit 4** attached hereto. Payment has been demanded and has not been made.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $53,615.67, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## NINTH COUNT
### REASONABLE VALUE OF GOODS SOLD AND DELIVERED

53.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

54.     Pursuant to the terms of the New Jersey Contract, plaintiff Custom Store Fixtures sues Defendant Industry Outfitters for the reasonable value of goods sold and delivered, and/or services rendered by Custom Store Fixtures to Industry Outfitters upon the promise of Industry Outfitters to pay a reasonable price for the same. Payment has been demanded and has not been made.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $53,615.67,, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## TENTH COUNT
## ACCOUNT STATED

55. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

56. Defendant Industry Outfitters, being indebted to the plaintiff Custom Store Fixtures in the sum of $53,615.67, upon an account stated between them, did promise to pay to the plaintiff Custom Store Fixtures said sum upon demand. Payment has been demanded and has not been made.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $53,615.67, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## ELEVENTH COUNT
## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING IN THE NEW JERSEY CONTRACT

57. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

58. Every contract includes an implied covenant of good faith and fair dealing.

59. The foregoing actions and/or inaction by defendant Industry Outfitters breach the implied covenant of good faith and fair dealing of the New Jersey Contract.

60. As a direct and proximate result of Defendant's breach of the implied covenant, Custom Store Fixtures has sustained damages, including but not limited to $53,615.67.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendant Industry Outfitters for the sum of $53,615.67, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## TWELVTH COUNT
### FORECLOSURE AND REFORMATION OF CONSTRUCTION LIEN

61.   Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

62.   On November 25, 2009, Custom Store Fixtures recorded a construction lien claim in the amount of $52,603.94 in the office of the Middlesex County Register, in Book 00039 at page 0241 against the interest of the owner of the owner of the Hadley Shopping Center, Office Two Limited Partnership.  The Salon Academy NJ is located in the Hadley Shopping Center.  A true copy of the Construction Lien Claim with the filing information page is annexed hereto as **Exhibit 5**.

63.   On March 12, 2010, Custom Store Fixtures filed an amendment to the Construction Lien Claim to discharge the landowner and instead attach the lien to the interest of the tenant, Defendant Salon Academy NJ. Annexed hereto as **Exhibit 6** is a copy of the Amended Construction Lien Claim sent to the Middlesex County Register and recorded in Book 40 at page 32.

64. The aforesaid debt is a lien on the above described property by virtue of the provisions of the Construction Lien Law of the State of New Jersey, N.J.S.A. Title 2A, Chapter 44A.

65. This action has been commenced within one year from the date when the last engineering work and services were furnished.

**WHEREFORE**, plaintiff, Custom Store Fixtures, demands judgment:

A. Pursuant to the provisions of the Construction Lien Law against the Defendant, Salon Academy NJ, in the amount of the lien claim of $52,603.94, together with interest from November 25, 2009, and the costs of this action, including reasonable attorney's fees to the full extent permitted by the Construction Lien Law.

B. Directing that the premises subject to the lien be sold to satisfy the amount due to the plaintiff.

C. Extinguishing the liens held by junior encumbrancers, or in the alternative declaring that the lien of Plaintiff is superior to the liens held by defendants John Does 1-10.

D. Declaring that the lien against the interest of the landowner, Office Two Limited Partnership, was discharged by the amendment attached hereto as **Exhibit 6.**

E. For such other and further relief that the Court deems is equitable and just.

## THIRTEENTH COUNT
## UNJUST ENRICHMENT

66. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully and at length herein.

67. Defendants Industry Outfitters and/or the Salon Academy NJ have been unjustly enriched by the value of Plaintiff's goods and/or services.

**WHEREFORE**, plaintiff Custom Store Fixtures demands judgment against defendants Industry Outfitters and/or the Salon Academy NJ, jointly and severally, for the sum of $53,615.67, plus accruing pre-judgment interest to the date of judgment, attorney fees, costs of suit and such other relief as the Court finds equitable and just.

## FOURTEENTH COUNT
## FRAUD IN THE INDUCEMENT

68. Plaintiff repeats and realleges the allegations set forth above as if set forth fully and at length herein.

69. At the time that Plaintiff was seeking payment from Industry Outfitters for the Florida Contract, during the months of July and August 2009, it was manufacturing the millwork for the New Jersey Contract.

70. In response to Plaintiff's repeated, increasingly urgent requests for the past due payment for the Florida Contract, defendant Industry Outfitters tendered check no. 1236 to Plaintiff on or about August 14, 2009, but requested that Plaintiff refrain from depositing the check.

71. Beginning on or about August 31, 2009, Plaintiff Custom Store Fixtures and Defendant Dan Gutfreund exchanged a series of emails, culminating with an email dated September 8, 2009.

72. At all relevant times, Gutfreund was acting as the corporate entity, and separate personalities between Gutfreund and Industry Outfitters do not exist.

73. The emails consisted of repeated requests for the past due payment for the Florida Contract by Plaintiff, and promises of future payment by Gutfreund together with his requests for immediate shipment of the New Jersey Millwork.

74. Plaintiff refused to ship the New Jersey Millwork until such time as the balance was paid for the Florida Millwork.

75. At this time, in early September 2009, the balance due on the Florida Contract was $49,282.37, comprising $46,834.16 of the remaining balance due on the Florida contact, plus a $2,448.21 finance charge.

76. Defendant Industry Outfitters wired $20,000.00 to plaintiff on or about September 8, 2009 as partial payment of the balance due for the Florida Millwork and in an effort to induce Plaintiff to ship the New Jersey Millwork.

77. Plaintiff requested payment of the remaining balance due for the Florida Millwork and did not ship the New Jersey Millwork.

78. By email dated September 4, 2009, Defendant Gutfreund advised Plaintiff that a check for the entire past due balance on the Florida Contract would be issued and overnighted to Plaintiff on that date.

79. In reliance upon Defendant Gutfreund's written promise of payment, Plaintiff shipped the New Jersey Millwork from its facility in Utah late in the day on Friday, September 4, 2009.

80. The following Monday, on or about September 7, 2009, Plaintiff received check no. 1239 in the amount of $46,834.16.

81. On September 7, 2009, the New Jersey Millwork was *en route* to New Jersey.

82. By email dated September 8, 2009 and sent at 12:30 pm MST (two hours later than EST) Plaintiff Custom Store Fixtures asked Defendant Gutfreund if check no. 1239 in the amount of $46,834.16 could be deposited immediately, and informed Gutfreund that the delivery of the New Jersey millwork "would be ready" for delivery in New Jersey the following morning at 8:00 AM EST.

83. Roughly fifteen minutes later Defendant Gutfreund responded by email: "Please deposit the check tomorrow morning, it will clear then."

84. In reliance upon Defendant Gutfreund's response, Plaintiff permitted the delivery of the New Jersey Millwork and gave Defendant Gutfreund the contact information for the truck to facilitate the delivery. The New Jersey Millwork was indeed delivered to the facility of Salon Academy NJ the following morning, September 9, 2009.

85. Plaintiff would not have permitted the delivery of the New Jersey Millwork but for the aforesaid material representations made by defendants Industry Outfitters and/or Dan Gutfreund.

86. As set forth above, there were insufficient funds in the bank, and check no 1239

was dishonored.

87. The material representations made by defendants Industry Outfitters and/or Gutfreund to Plaintiff Custom Store Fixtures were false in fact and known to be false by Industry Outfitters and/or Gutfreund at the time they were made, and were made with the intent to deceive and induce Plaintiff into first shipping and then delivering the New Jersey Millwork.

88. Plaintiff Custom Store Fixtures reasonably relied upon the material representations of Industry Outfitters and/or Gutfreund and was thereby fraudulently induced to ship and/or to deliver the New Jersey Millwork.

89. As a direct and proximate result of Industry Outfitter's and/or Dan Gutfreund's fraudulent inducement, Plaintiff Custom Store Fixtures sustained damages.

90. By virtue of the wrongful actions of Gutfreund, plaintiff is entitled to pierce the corporate veil of defendant and maintain a direct cause of action against Gutfreund for fraud in the inducement.

**WHEREFORE,** Plaintiff demands judgment against defendants Industry Outfitters and/ Dan Gutfreund, jointly and severally, for compensatory damages, punitive damages, plus interest, attorneys' fees, costs of suit and such other relief as the Court finds equitable and just.

### FIFTEENTH COUNT
### FRAUD AND DECEIT

91. Plaintiff repeats and realleges the allegations set forth above as if set forth fully and at length herein.

92. Defendant Gutfreund repeatedly represented to Plaintiff and Plaintiff's agents

17

that payment was forthcoming, and would be made.

93. These representations were material, were false and were known to be false at the time Gutfreund made them, and they were made with the intent to deceive Plaintiff.

94. Plaintiff believed these representations to be true and reasonably relied upon Gutfreund's representations.

95. In reliance on the representations of Gutfreund, Plaintiff agreed to and did manufacture and deliver to Industry Outfitters and/or to Gutfreund custom millwork store fixtures corresponding to specifications provided by Industry Outfitters and/or Gutfreund.

96. As a direct and proximate result of Gutfreund's fraud, Plaintiff has sustained damages.

97. By virtue of the wrongful actions of Gutfreund, Plaintiff is entitled to pierce the corporate veil of Defendant Industry Outfitters and maintain a direct cause of action against Gutfreund based in common law fraud and misrepresentation.

**WHEREFORE,** Plaintiff demands judgment jointly and severally against defendants Industry Outfitters and Dan Gutfreund piercing the corporate veil, for compensatory damages, punitive damages, plus interest, attorneys' fees, costs of suit and such other relief as the Court finds equitable and just.

Dated: April 14, 2010

LOFARO & REISER, LLP
Attorneys for Plaintiff

By: _____
William La Tourette