William La Tourette (WCL6900)
LoFaro & Reiser, LLP
55 Hudson Street
Hackensack, NJ 07601
Tel: (201) 498-0400   Facsimile: (201) 498-0016
Email: wlatourette@new-jerseylawyers.com
Attorneys for Plaintiff, Custom Store Fixtures, L.L.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CUSTOM STORE FIXTURES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> INDUSTRY OUTFITTERS, INC., DANIEL GUTFREUND, THE SHS GROUP, L.L.C. d/b/a THE SALON PROFESSIONAL ACADEMY, GAC BEAUTY ACADEMY OF ORLANDO, INC. d/b/a THE SALON PROFESSIONAL ACADEMY ORLANDO, JOHN DOES 1 – 10, and ABC COMPANIES 1 – 10, <br><br> Defendants. | CIVIL ACTION NO.: 3:10-cv-01924 (FLW) <br><br><br> **STIPULATION OF SETTLEMENT BETWEEN AND AMONG PLAINTIFF AND INDUSTRY OUTFITTERS, INC. AND DANIEL GUTFREUND** |

**WHEREAS,** there is due and owing to plaintiff, Custom Store Fixtures, L.L.C. ("Custom") from defendant, Industry Outfitters, Inc. ("Industry Outfitters"), the principal sum of $102,898.04 on a certain book account ("Outstanding Indebtedness"), as more specifically and fully set forth in Custom's Complaint in the above-captioned matter (the "Action"); and

**WHEREAS,** Custom asserted claims in the Action against Daniel Gutfreund ("Gutfreund"), the president and principal shareholder of Industry Outfitters, for fraud in the inducement and fraud and deceit, and Gutfreund hereby acknowledges service of the summons and complaint, and that Custom reserves all rights and causes of action it may have against Gutfreund except as these may be otherwise released by the terms of this Stipulation of Settlement, including but not limited to those asserted in the Action, and Gutfreund further understands and agrees that

1

the statute of limitations for all such rights and causes of actions is tolled by reason of this stipulation of settlement and that such rights and causes of action can be asserted in the future unless they are released as set forth in paragraph 4 of this Stipulation of Settlement, below, and;

**WHEREAS,** Industry Outfitters, Gutfreund, and Custom hereby stipulate, acknowledge and agree that the Outstanding Indebtedness is a valid, existing and binding obligation owed by Industry Outfitters and Gutfreund to Custom, and that neither Industry Outfitters nor Gutfreund has any defense, claim, counterclaim, right of recoupment or offset or any other right or claim of any kind or nature against Custom; and

**WHEREAS,** in consideration of the full and final settlement of the above-captioned action, including any and all claims between Custom and Industry Outfitters, and between Custom and Gutfreund, Custom has agreed to accept payment of the sum of $50,000.00 from Industry Outfitters, with said payment personally guaranteed by Gutfreund, pursuant to the following terms and conditions;

**NOW, THEREFORE, IT IS, on this 22nd day of JULY, 2010, hereby stipulated and agreed as follows:**

1.  Industry Outfitters and Gutfreund hereby agree, jointly, severally, and individually, to pay to Custom and Custom hereby agrees to accept from Industry Outfitters and Gutfreund the sum of $50,000.00 in full and final settlement of any and all claims, counterclaims and defenses by and between the said parties, inclusive of interest, counsel fees and court costs, provided that Industry Outfitters and Gutfreund fully and timely comply with each and every term of this Stipulation of Settlement.

2

2. The said sum of $50,000.00 shall be paid by Industry Outfitters and/or Gutfreund to Custom in the form of checks payable to "LoFaro & Reiser Attorney Trust Account", at 55 Hudson Street, Hackensack, New Jersey 07601, pursuant to the following schedule:

- $6,500.00 in the form of certified or cashier's check made payable to "LoFaro & Reiser Attorney Trust Account" upon the execution of this Stipulation by Industry Outfitters, Gutfreund, and Custom;

- $2,900.00 on or before September 1, 2010 and on or before the first day of each consecutive month thereafter for a total of fifteen (15) such payments, with the last payment due on or before November 1, 2011 by checks made payable as above;

3. In the event any of the aforedescribed payments is paid more than five (5) calendar days late, dishonored, or less than the amount then due is tendered, Industry Outfitters and Gutfreund hereby agree and consent to the entry of judgment individually, jointly, and severally, in the Action in the amount of $102,898.04, plus post-judgment interest, counsel fees, and costs incurred by Custom from the date of default in connection with the entry and collection of said judgment, less credits for any payments made by Industry Outfitters or by Gutfreund and cleared by Plaintiff's counsel's bank pursuant to paragraph 2, above. Industry Outfitters and Gutfreund hereby stipulate and agree that such judgment shall be fully enforceable, without defense, claim or counterclaim, and given comity, full force, and effect in all foreign countries, including but not limited to Canada. In addition, Gutfreund and Industry Outfitters hereby stipulate and agree that such judgment shall not be dischargeable in a bankruptcy or other insolvency proceeding.

4. Upon Industry Outfitters's and Gutfreund's full and timely fulfillment of the terms set forth in paragraphs 1 and 2, above, and only in that event, Custom unconditionally

3

releases and discharges Industry Outfitters and Gutfreund from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, defenses, causes of action, suits, rights, demands, costs, losses, debts and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, which Custom now has, owns, holds or claims to have owned or held, or which Custom at any time heretofore had, owned or held against Industry Outfitters or Gutfreund. Upon Industry Outfitters's and Gutfreund's full and timely fulfillment of the terms hereof, and only in that event, Custom specifically releases Industry Outfitters and Gutfreund from any and all claims, actions, causes of actions and defenses which were, could have or should have been asserted by Custom in the above-captioned matter.

5. Industry Outfitters and Gutfreund hereby unconditionally release and discharge Custom from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, defenses, causes of action, suits, rights, demands, costs, losses, debts and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, which Industry Outfitters or Gutfreund or both now has, owns, holds or claims to have owned or held, or which Industry Outfitters or Gutfreund or both at any time heretofore had, owned or held against Custom. Industry Outfitters and Gutfreund specifically hereby release Custom from any and all defenses, claims, counterclaims, rights of recoupment or offset or any other rights or claims of any kind or nature which were, could have or should have been asserted by Industry Outfitters, by Gutfreund, or by both, in the above-captioned matter.

6. This Stipulation shall be binding upon Custom only if, at such time as, and after Custom, Industry Outfitters and Daniel Gutfreund execute it as set forth below.

4

7. All the parties hereto, including but not limited to Gutfreund, hereby acknowledge that they have had the opportunity to review and discuss this Stipulation to their satisfaction with their respective counsel prior to its execution. Each of the parties hereto fully understands and agrees to each and every term hereof, that the stipulation set forth herein is without fraudulent intent and is not intended to protect the property of Industry Outfitters or of Daniel Gutfreund from creditors, and that each party has executed this agreement freely and voluntarily.

**IN WITNESS WHEREOF**, the parties hereto have executed this Stipulation of Settlement, consisting of six pages, on the date first above written.

**INDUSTRY OUTFITTERS, INC., JOINTLY, SEVERALLY, AND INDIVIDUALLY**

_____     By: _____
Witness                              Daniel Gutfreund, Authorized Signatory

~~STATE~~ PROVINCE OF __ONTARIO__   :
                                    : ss
~~COUNTY~~ CITY OF __YORK__         :

I CERTIFY that on August __4__, 2010, DANIEL GUTFREUND, personally came before me and stated to my satisfaction that this person:

(a) was the maker of this instrument;
(b) was authorized to and did execute this instrument as __PRESIDENT__ of Industry Outfitters, Inc., the entity named herein; and
(c) signed, sealed and delivered this instrument as the act and deed of the said entity.

_____
Notary Public

**DANIEL GUTFREUND, JOINTLY, SEVERALLY, AND INDIVIDUALLY**

_____     By: _____
Witness                              Daniel Gutfreund

5

~~STATE~~ PROVINCE OF ___ONTARIO___ :
~~COUNTY~~ CITY OF ___YORK___ : ss
 :

I CERTIFY that on August __4__, 2010, DANIEL GUTFREUND, personally came before me and stated to my satisfaction that this person:

(a) was the maker of this instrument; and
(b) executed this instrument as his own act.

_____
Notary Public


**CUSTOM STORE FIXTURES, L.L.C.**


_____  By: _____
Witness                                David Huss, Authorized Signatory


**STATE OF UTAH** :
 : ss
**COUNTY OF _____** :

I CERTIFY that on August ____, 2010, DAVID HUSS, personally came before me and stated to my satisfaction that this person:

(a) was the maker of this instrument;
(b) was authorized to and did execute this instrument as a member of Custom Store Fixtures, L.L.C., the entity named herein; and
(c) signed, sealed and delivered this instrument as the act and deed of the said entity.


_____
Notary Public

6

STATE OF _____ :
: ss
COUNTY OF _____ :

    I CERTIFY that on August \_\_\_, 2010, DANIEL GUTFREUND, personally came before me and stated to my satisfaction that this person:

    (a) was the maker of this instrument; and
    (b) executed this instrument as his own act.

_____
Notary Public


**CUSTOM STORE FIXTURES, L.L.C.**

_____      By: *David Huss* (signature)
Witness                                   David Huss, Authorized Signatory


STATE OF UTAH :
: ss
COUNTY OF Weber :

    I CERTIFY that on August 9, 2010, DAVID HUSS, personally came before me and stated to my satisfaction that this person:

    (a) was the maker of this instrument;
    (b) was authorized to and did execute this instrument as a member of Custom Store Fixtures, L.L.C., the entity named herein; and
    (c) signed, sealed and delivered this instrument as the act and deed of the said entity.

*(signature)*
Notary Public

6