**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
(609) 989-2182

| | |
|---|---|
| CHAMBERS OF<br>FREDA L. WOLFSON<br>UNITED STATES DISTRICT JUDGE | Clarkson S. Fisher Federal Building &<br>U.S. Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 |

August 7, 2012

**LETTER MEMORANDUM AND**
**ORDER OF JUDGMENT**

**Daniel Gutfreund**
671 S. Bates St.
Birmingham, MI 48009

**Carmine LoFaro**
LoFaro & Reiser, LLP
55 Hudson St.
Hackensack, NJ 07601

Re:   <u>Custom Store Fixtures et al v. Industry Outfitters et al</u>, Civ. A. No.: 10-1924 (FLW)

Dear Mssrs. Gutfreund and LoFaro,

The Court is in receipt of Plaintiff Custom Store Fixtures, L.L.C.'s ("Plaintiff" or "Custom Store") Motion to Reopen and Enter Judgment by Reason of Default on Terms of Settlement ("Motion") as well as Defendant Daniel Gutfreund's ("Defendant" or "Gutfreund") Opposition.[1] The underlying dispute between the Plaintiff and Defendant Gutfreund and his business Industry Outfitters was settled in July 2010. Plaintiff voluntarily dismissed the remaining defendants. Industry Outfitters is no longer a going concern. Def. Opp. at ¶ 5. The remaining parties filed a Stipulation of Settlement on August 25, 2010. Stipulation of

---

[1] Gutfreund, who is now *pro se*, served his Opposition on Plaintiff, but never filed it with the Court. Plaintiff notified the Court of this and filed it on his behalf. Dkt. No. 15.

Settlement, Dkt. No. 11 ("Settlement"). The Settlement required Defendants to pay $50,000 total, with an initial payment of $6,500 and then 15 monthly payments of $2,900 from September 1, 2010, through November 1, 2011. The Settlement contained a provision where if Defendants were late with a payment then the parties agreed to:

> the entry of judgment individually, jointly, and severally, in the Action in the amount of $102,898.04, plus post-judgment interest, counsel fees, and costs incurred by Custom from the date of the default in connection with the entry and collection of said judgment, less credits for any payments made by Gutfreund and Industry Outfitters and cleared by Plaintiff's counsel's bank.

Settlement, ¶ 3. Gutfreund made the initial payment and monthly payments until March 2011, when he paid only $500. Dkt. No. 14-1, Exhibit B. In total, he has paid $27,300. Id. Then Gutfreund stopped making payments as required by the Settlement. Gutfreund does not dispute the terms of the Settlement nor does he dispute that he stopped making payments. Def. Opp. at ¶¶ 4, 5. Rather he says that he was unable to continue making the payments and that he attempted to renegotiate the Settlement, but that Plaintiff would not agree to his terms. Id. Subsequent to filing the Motion, Plaintiff confirms that it did discuss modifying the Settlement with Gutfreund and offered to reduce the payments to $1500, but that Gutfreund still refused saying that it was too high. In any event, there is no dispute that Gutfreund is in violation of the Settlement. Therefore, Plaintiff's Motion to Reopen the Case to Enter Judgment will be granted. Plaintiff has calculated interest from default at a rate of $0.54 a day and costs of $41.52 for copying and mailing.

In addition, Plaintiff moves for counsel fees. Initially, Plaintiff's counsel sought a third of the amount remaining to be collected as it took the case on contingency. This is incorrect.

2

Under the terms of the Settlement, Plaintiff's counsel is entitled to the reasonable fees it actually incurred.  After speaking with the Court, counsel appears to understand this is the correct approach and Mr. LoFaro, who is now handling this matter for Plaintiff, submitted a revised Certification of Services regarding its Motion.  Dkt. No. 16 ("LoFaro Certification").  William LaTourette, Esq., and Melanie R. Costantino, Esq. handled the drafting and filing of the Motion and related papers.  Mr. LaTourette spent 2.4 hours at a rate of $325 an hour and Ms. Costantino spent 3.1 hours at a rate of $250 hours.  The Court finds that the time spent and the hourly rates are reasonable considering the nature of this matter and awards attorney's fees in the amount of $1550.00.[2]

Based on the above, as well as the Court having considered the Motion pursuant to F.R.C.P. 78, and for good cause shown, it is on this 7th day of August, 2012:

**ORDERED** that this matter is reopened for the limited purpose of entering judgment;

**ORDERED** that judgment is entered against Defendant for a total of $77,189.56[3] plus post-judgment interest; and

**ORDERED** that Plaintiff shall serve a copy of this Order on Defendant within 10 days of

---

[2] Mr. LaTourette left the law firm handling Plaintiff's matter and Mr. LoFaro had to take over the file and respond to several issues raised by the Court.  Therefore, in his certification, Carmine LoFaro, Esq., explains he spent 2.1 hours at a rate of $500.  However, the Motion had already been filed by the time Mr. LoFaro took over the matter.  This time was spent by Mr. LoFaro acquainting himself with the file as well as providing the Court with the attorney fee information that should have been provided in the first instance.  I do not find that Plaintiff's counsel is entitled to fees for Mr. LoFaro's time.

[3] This total represents the $102,898.04 Settlement Amount less $27,300 already paid, plus $41.52 in costs and $1550.00 in attorney fees.

the date of this Letter Order.

> Very Truly Yours,
>
> /s/ Freda L. Wolfson
> Freda L. Wolfson, U.S.D.J.